UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:03-CR-244-1-F
No. 5:04-CV-766-F

| | |
|---|---|
| ISA HARNETT, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | O R D E R |

On June 16, 2012, the petitioner, Isa Harnett ("Harnett") filed a "Motion to Vacate Under 28 U.S.C. § 1651(a)," [DE-52] seeking a writ of error *coram nobis* to vacate his sentence and conviction and to dismiss the indictment herein. Harnett served his sentence and began his term of supervised release in January 2009. However, on July 20, 2009, the undersigned revoked the supervised release term upon motion of the Probation Office, and sentenced Harnett to 24 months imprisonment. *See* [DE-42]. The Fourth Circuit Court of Appeals affirmed the revocation order. See United States v. Harnett, No. 09-4686 (4th Cir. April 13, 2010).

On July 27, 2012, by counsel appointed under Standing Order 11-SO-03, *see* [DE-51] (notice of appearance filed June 4, 2012), Harnett filed a Motion to Expedite Hearing on Motion to Vacate [DE-53] pursuant to 28 U.S.C. § 2255 (in reliance on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)). The United States entered a notice of appearance on July 30, 2012, *see* [DE-54], and the court directed that the Government file an expedited response. The Government has done so, see [DE-56].

The gravamen of the Government's Response [DE-56] is that, because Harnett is scheduled to be arraigned on new charges in case number 5:12-CR-100-1-F ("12-100"), his

request for Simmons[1] relief adequately may be addressed at his sentencing if he is convicted of that offense. Before the court reached Harnett's Simmons motion for ruling, however, the court learned on September 25, 2012, that he had reached an agreement with the Government to plead guilty to the single drug count charged in 12-100.

At arraignment on that charge on October 1, 2012, the court announced its understanding that the Government conceded the merits of Harnett's motion for relief in the instant case in light of the Simmons ruling. Both the Government and Harnett's counsel herein agreed that this 03-244 conviction and sentence should be vacated. The court entered a verbal order accordingly. **Harnett's charge in case number 12-100 and the punishment to which he is exposed as a result of his guilty plea thereto, are not affected by the now-vacated conviction and sentence in the instant case, number 5:03-CR-244-1-F.**

In summary, this order memorializes the court's finding that Isa Harnett is "actually innocent" of the offense of possession of a firearm by a felon for which he was convicted in 2004, and served a term of 96 months' imprisonment, the supervised release term for which was revoked in 2009 and a term of 24 months imprisonment imposed. Harnett's conviction and sentence imposed herein on April 26, 2004, is VACATED. This order has no effect, however, on the indictment and conviction in case number 5:12-CR-100-1-F.

SO ORDERED.

This, the 1st day of October, 2012.

*JAMES C. FOX*
Senior United States District Judge

---

[1] United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).